May it please the court. The facts of this case are squarely on point with the punitive damages decision in this court in Matthias v. Accor, wherein a hotel committed fraud by concealing a known bed bug danger from its guests. Nevertheless, in this case, District Court Judge Manish Shah committed reversible error of law by striking my request for punitive damages without holding an evidentiary hearing. What is your best evidence, Ms. Parker, that the hotel behaved in a way that was willful and wanton when it rented you the room without disclosing prior door breakages? In other words, has anyone been injured prior to you? We don't know if anyone was injured specifically prior to me, but the fraud they committed by concealing that known danger is the best evidence. There were also multiple... How is it a known danger? There had been a breakage? It had been repaired? They never repaired the door, so the door had... it was not a shower door. It was a sliding glass door that exploded, and in their answers to interrogatories number four, they said that the door in 3627, which was the room that I was in, was never replaced. So Judge Leinenweber had opined that it was obvious that the door had to have broken in the two weeks prior to my stay because there is evidence in the record where... Hello? I'm sorry. Where is the phone? I'm having a hard time hearing you, Your Honor. Judge Rovner, we can hear you. Okay, something happened to the phone system. Hello? Hello? Okay, go ahead. Go ahead. So there is an email that has already been admitted under the residual hearsay rule that states room 3527, 3627 twice, 4419, and another door that five of those doors had broken. My incident was unique in that the record shows that my room, my very room, 3627, had to have broken and exploded in the two weeks prior to my stay. Additionally, my sister was in a different room. After the door exploded, when the hotel engineer was explaining what had moved again, you should probably go check your room because this was on the do not sell list. That was how a video was born where we were actually able to take video of the problem that they had with that door. Additionally, Judge Leinenweber has already said it can be inferred that the room, the door in Does that answer your question, Your Honor? Yes, thank you very much. Okay, getting back to where I was. In this case, District Court Judge Manish Shah committed reversible error of law by striking my request for punitive damages without holding an evidentiary hearing. Appellate review of his error must be de novo under the authority of the Gomez case cited in my brief. Four seasons brief cites the much case and the Jensen case were in the appellate courts applied an abuse of discretion standard when reviewing trial court rulings. Those cases are not factually on point because the trial courts allowed evidence of punitive damages to be submitted to the jury. Judge Shah's basis for striking punitive damages was not the lack of supporting evidence. Rather, the basis of Judge Shah's order was his erroneous conclusion of law that ordinary premises liability negligence was my only viable cause of action. He failed to read paragraphs nine through 18 of my amended complaint, which clearly describe my claim of check in fraud that occurred on April 27th, 2007. He erroneously assumed that Judge Leinenweber's discussion of Four Seasons separate and distinct building permit fraud of December 18th, 2006 applied to all the check in frauds. He failed to notice that the amended complaint specifically recites, and I quote, Four Seasons extended course of conspiratorial, criminal, fraudulent, clandestine, reckless indifference to the highly unreasonable risk of harm defendant caused plaintiff and others, end quote. Ms. Parker, could I ask you to focus on the date of the incident in your room? Yes, Your Honor. April 28th, 2007, right? So as of that date, what evidence was there that the hotel staff knew there was this great hazard? They knew that they had a problem with those doors because a bunch of maintenance staff had broken the doors. They knew that the stopper had moved again. They also did not have permission to install those doors. So how different is that from the Mnadnock building case that you cited where you had the 17 malfunctions of that elevator? And the Illinois courts tell us, well, that's pretty strong evidence of negligence, but did not allow punitive damages claim in that case. I don't know specifically how to answer that question right now. Can I get back to you on the rebuttal? But what happened was they didn't have a permit to install those doors. They were unlawful. They didn't have the etchings. They violated the Safety Glazing Materials Act. They violated the Chicago Municipal Code, and they recklessly endangered and continued to endanger guests. They did not warn thousands of guests that checked in. They got a warning from my family. My sister's door was defective, and sure enough, about five months later, they hadn't taken any safety measures, and another little boy was hurt. So he might have a better claim than you do. So the focus really here needs to be on the situation as of the time you were hurt. With the incidents that happened before? Yes. Just the issues that the maintenance workers had broken it. Additionally, that hotel had to know they had a problem with that door. Judge Lyon Webber said the affidavit of Cindy Chabon was enough alone to preclude summary judgment because he told her they've been having problems with the stoppers. That's negligence, right? I'm sorry. I don't understand your question. He precluded some. He rejected summary judgment as to the issue of negligence, correct? He did not reject summary judgment, I don't believe, on the issue of negligence. Can I get a drink of water? Sure. Thank you. Mhm. Mhm. My complaint was completely void of any mention of ordinary negligence. Judge Shaw arrived at his erroneous conclusions without realizing that four seasons never challenged check-in fraud in its motion for summary judgment. That's why Judge Lyon Webber never addressed check-in fraud in his opinion on summary judgment. Nor did Judge Lyon Webber address four seasons challenge to punitive damages. He wisely allowed punitive damages to remain viable until after the pretrial stage of proceedings when all the evidence would be available for review. Four seasons has acknowledged that summary judgment process. The first full sentence of page four in its brief to this court reads, based on Judge Lyon Webber's order, only the premises liability negligence count and claim for punitive damages remained against four seasons. If Judge Lyon Webber allowed ordinary negligence and punitive damages to survive summary judgment as four seasons agrees, then the evidence of damages must have been substantial. Judge Shaw failed to respect the findings and rulings of Judge Lyon Webber, who labored through 140 docket entries, including dozens of credible documents before issuing his opinion on summary judgment. On two prior occasions, Judge Lyon Webber rejected four seasons challenges to punitive damages. One was when four seasons challenged the $75,000 jurisdictional threshold, and the other was in Judge Lyon Webber's opinion of May 6, 2013 on discovery. If you want to save time for rebuttal to answer the question about the elevator case, you might want to take that time now. Okay. Okay. All right. Thank you, Ms. Parker. Thank you. Mr. Izzo. Good afternoon, Your Honors. May it please the court. I'm not going to touch, I'll just touch briefly on the two minor issues regarding Mr. Parris's motion to withdraw and the motion for leave to file a second amendment complaint. Ms. Parker. I'm going to ask you, there is certainly another issue. In your subject matter jurisdiction in this diversity suit, because the amount of controversy doesn't exceed $75,000. That is correct, Your Honor. Well, that amount is assessed at the time of filing and subsequent events cannot deprive a court of jurisdiction. What is the legal basis for your claim that we lack jurisdiction? Would you concede that both the district court and this court have jurisdiction? Because at the time the complaint was filed, Ms. Parker plausibly alleged the requisite amount. Your Honor, at this point in time, based on the post-motion filing that I made regarding the costs submitted by Ms. Parker in this matter, I had argued that costs should not be entertained at that point in time because of the fact she failed to meet the minimum statutory limit. Right. That's your remedy. You don't get costs for a plaintiff who recovers less than $75,000, but it doesn't affect subject matter jurisdiction. Your Honor, I'll concede that point then. As far as the motion to withdraw and the motion for leave to file a second amendment complaint, I'll basically stand on my briefs. Ms. Parker failed to file any response and reply in response to those particular arguments. It seems that we're here today basically on the punitive damages count. Now, I had argued in my brief that the standards should be the abuse standard. I will concede to this court that this court can review that particular issue de novo. I'm really happy to hear that. I must say, that was my next question. What was the procedural posture for teeing this up for Judge Shaw? Well, it seems to me at some point in time, I wasn't the attorney of record before I took over this case after the motion to eliminate a strike punitive damage was filed by prior counsel. So it seems to me that at some point in time, subsequent to the motions filed in summary, motion for summary judgment filed in this matter, counsel or defendant decided to file the motion to strike, motion eliminate a strike punitive damages. And it seems that when that motion was brought up before Judge Shaw, Judge Shaw had some questions as to how such a motion can prevail from the briefings that go forward. In substance, in essence, it's a summary judgment motion. Okay. Right. Well, the contention in essence, this isn't about pleading. This is about whether the plaintiff had offered enough evidence that would let a reasonable jury find wanton and willful conduct, right? And that's the purpose of a motion to eliminate, in order to allow the court  to decide. Okay. Well, so the motion eliminated was filed. The motion eliminated was granted. The bottom line, and I think the court had kind of alluded to this, there's been no evidence, even if you were to take all the evidence in a light, most favorable to the plaintiff in this matter, there has been no evidence to support a claim that there was any type of breakage and then injury prior to Ms. Parker staying in room 36.7. Could you address Ms. Parker's comment about a do not sell list for the applicable to this room? That was not addressed in my brief, but the comment itself, do not sell, doesn't really mean anything without any specific facts behind it. Where do we find evidence, this evidence in the record? Evidence of what? About a do not sell list. There is no evidence in the record. The only evidence in the, I apologize. The only evidence in the record about it being in a do not sell list was an affidavit supplied by Ms. Parker in this case. Well, then that's evidence. That's, you're correct, Your Honor. Is it based on something that was told to her by hotel staff? That's what, that's what she alluded to in her affidavit. Yes. Okay. But even so, even with that particular information, what does that mean? What does it mean to be on a do not sell list? Ms. Parker has failed to put forth any evidence as to what it means to be on do not sell list. Is it because of the fact the room wasn't ready for sale? Because it wasn't made up? Is it because of the fact that there was some other issues in that room? We don't know because there's no evidence of that. So just to say... Didn't she say she was told by one of the repairmen that this was on a do not sell? After we talked about the blowing up of the shower? Yeah. Mr. Garten came in afterwards and said, this is according to her affidavit of her sister, that it might've been on a do not sell list, but at the same time... Might've been or was? Pardon me? Might have been or was? I can't recall the specific language, Your Honor. Am I incorrect if I think that she was told that at the desk? That there were no rooms and that they, you know, that they pleaded for a room. And so they took a room off the do not sell list. Am I wrong? That's what she's speculating. We don't know that because there's no evidence that that's... Well, she said it. She said, I asked for a room and they took it off and gave her one. No, there's no evidence that they said they took it off the do not sell list. She's speculating that that's what happened. So at this point in time, the only evidence that we have of a potential break in that room was based on an email by Mr. Sheridan that came from somebody at Contract Mirror and Glass. Now I argued in my brief that technically that information is double hearsay and would never be admissible at the trial court. But even if the court were to consider that email as evidence, what does it tell us? The only thing that it tells us is that there may have been a breakage and that's it. Breakage of what? We don't know. So here again, Ms. Parker wants this court to speculate that it was some type of a breakage of a sliding glass door that shattered or exploded or caused a potential injury. Without the punitive damages, did this case go to a jury? Yes, it did. And what was the verdict? The verdict was $20,000 for compensatory damages. $20,000 compensatory. Correct. So once again, even looking at the evidence in light of the most favorable to the plaintiff in this particular matter, there really is no evidence of punitive damages. And that was particularly brought up by Judge Shaw during his ruling on motion eliminate number nine at the pretrial conference when he stated, at most, one could infer there was a shower door break in the same room and that hotel repaired that broken door, but did not diagnose and repair the stopper problem. That's it. So I'm looking at the Chauvin affidavit, which is, which reports on what engineer Joe Garden said, right? You agree that what Garden said would be admissible against the hotel? As a statement against interest. If it's, that's, that's correct. Based on Ms. Chauvin's testimony. Right. She could testify to this in court. Correct. Uh, he immediately looked up at the overhead track and said, looks like the stopper moved again. He explained that the hotel had recently undergone renovations and that a bunch of the newly installed sliding glass doors had exploded because the overhead track stoppers were not working properly. That allowed the door handles to crash into the walls and caused the glass doors to explode. This was one of the rooms on the do not sell list. You might want to check yours. Um, that certainly seems to me, if at least on summary judgment to link the do not sell list to the condition of the doors. Well, if you're asking if it's based on a motion for summary judgment, you might infer, or at least the court is attempting to infer, there might be a question of fact as to that particular issue. That's exactly what I'm inferring. Exactly. But at this point in time, we're still at a motion to eliminate. All we're talking about. It's the same, it's the same standard. If, if the district judge excludes as a matter of law because of insufficient evidence, that's essentially a variation of a use of a summary judgment standard. Well, your, your honor, I had, I didn't address that particular issue in my brief, but at the very least, I, we're talking about evidence here and evidence at the point of the motion to eliminate was, there was no breakage. There was no testimony that that room actually broke itself. Even if you look at that particular affidavit, that affidavit only allows this court to speculate that, that those particular issues involved room 3627. He never said, Mr. Garten, this particular room had a door break in it before this incident. And that's what we're really looking at here. There's no evidence. Is it your theory that it had to be the same door for this to amount to have, to amounted to willful and wanton conduct? No, I'm not saying. Okay. Same room. Same room, not same door. But he's saying a bunch of these have exploded before because of this problem with stoppers. This is one of the rooms on the do not sell list. Now you can argue it's negligence not to adhere to the do not sell list, but why is it not reasonable to infer a wanton or gross negligence? I'll circle back to what the court asked Ms. Parker about the Monadnack, Stokoyevich case. I can't even say Monadnack. In that particular instance, there was 17 instances of matters happening with that particular elevator before the accident. But no indication that the elevator had been placed out of service. That is correct. Here, somebody seemed to have, at least it seems reasonable to infer somebody recognized a problem and the room should be taken out of service. I don't believe that's the case, Your Honor. So what's a do not sell list? It could mean anything. I mean, I've got, you've gotten to a whole- But that's one of the things it could surely mean. Well, it could mean many things. We don't know because there's no evidence as to what exactly it means. All we're allowed to do is to speculate. Okay. Any questions? Thank you, counsel. Ms. Parker, you have a brief moment for rebuttal. Your Honor, if you'd like, I can just answer your question about the Monadnack case. There was no evidence of prior injury in the 17 elevator stoppages. In the elevator case, there was no defiant violation of a building permit and no criminal misconduct. In regards to just summing this up quickly with one of the questions that Judge Rovner had asked about one of the most important things, Judge Leinenweber had also opined that there was a missing incident report. It was ordered on several occasions to be produced by the defendant, and they have steadfastly refused to produce the incident report for the prior breakage, which just seems that it would be adverse to them. And they've concealed it and other evidence for a long, long time. How did you know that this room was on the do not sell list? From Joe Garten telling my sister when she investigated what happened, everyone wanted to know it was so bad. What happened? He told her what happened. And it is in evidence because Judge Leinenweber has already stated that it is part of the residual hearsay rule. He admitted it, and it is officially evidence of record. But did someone at the desk tell you it was a do not sell? Yes. When we checked in, I was asking for a key and a room for one of my sisters and asked to have rooms near each other for the wedding. They said that it would be really hard, but she would go check to see if she could get us together. No, but did she say, I have a do not sell list? She went back and got me the keys to another room. I mean, do you understand my question? You know, you're maintaining that this room was on a do not sell list. Yes. And I'm asking you how you know it was not on a do not. She asked the manager if she could get one of the recently renovated rooms off of that list for us so that we could be together. Were you? Well, was you? Your sister asked? No, I did the checking in. Did you say, take it off the do not sell list and give it to me because I'm in a hurry? Or did they say, we will take it off the do not sell list? She said, let me go back and talk to someone. We'll see what we can do. And she got me the keys. But did she come back and say, we took it off the do not sell list? Yes. She said that to you? I think so. Yes, Your Honor. She said that. Well, you think so? She did or didn't? You're under oath now, quick. To the best of my recollection, yes. OK. And additionally, that was how the video of the room, no one could believe that two out of the four rooms that we had as a family had that problem. I mean, anyone that walked in and would put that door to normal use could see what was going on. They've concealed all the evidence of what's going on. OK. Thank you, Ms. Parker. Thank you. Thank you, Mr. Izzo. The case is taken under advisement. The court will be in recess until tomorrow.